GUSTAVE DUCROS *v.* AUGUSTIN CHARLES FORTIN.

The District Court of the United States, sitting in bankruptcy under the act of Congress of 19 August, 1841, was authorized to cite persons holding mortgages, under the State laws on property surrendered by a bankrupt, and to order the erasure of their mortgages, when necessary for the settlement of the bankrupt estate.

The clause, *de non alienando,* in a sale in which the vendor reserves a mortgage, does not prevent a sale of the property by the mortgagor. The latter may transfer the property, subject to the right which that clause gives the mortgagee of proceeding summarily against it, as if still belonging to the mortgagor.

Where one holding a mortgage on property surrendered by a bankrupt under the act of 19 August, 1841, though cited before the District Court of the United States in which the proceedings in bankruptcy were pending, to show cause why the property mortgaged should not be sold free of encumbrance, reserving his rights upon the proceeds, suffers the rule taken on him to be made absolute without opposition, he must be considered as having waived any right he may have had to oppose it, and he will be bound thereby. He cannot afterwards be permitted to set up his mortgage against a *bona fide* purchaser, who has bought on the faith of his apparent acquiescence.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Eyma* and *Marsoudet,* for the plaintiff.

*Latour* and *Roselius,* for the appellant.

MORPHY, J. Augustin Charles Fortin, having sued out an order of seizure and sale against P. H. Colsson, to obtain the payment of a note of $1250, due to him as vendor of a tract of land situated on the Gentilly road, the proceedings were enjoined by G. Ducros, on the ground that the property seized was no longer subject to Fortin's mortgage ; that it had been sold by Colsson to Clement Ramos, who has been since declared a bankrupt by a decree of the United States District Court for the Eastern District of Louisiana, sitting in bankruptcy ; that the property in question was surrendered by Ramos to his creditors, and sold under a decree of that court, on the 8th of August, 1842, at which sale, he, the said Ducros, purchased it free from all mortgages and encumbrances, they having been erased and cancelled under the authority of the said court, after due notice to Fortin and all the other mortgagees ; that the said Fortin, who was a party to these proceedings, and made no objection to the cancelling of his mortgage, is bound by them ; that he cannot claim under a mort-

gage which no longer exists ; and can only exercise his rights on the proceeds of the property in the bankrupt court, according to its rules and regulations. The injunction was made perpetual, and the seizing creditor has appealed.

The record shows, that on the 29th January, 1840, Fortin sold to Colsson, a tract of land on the Gentilly road, for four thousand dollars, in payment of which he received three notes to the order of, and endorsed by, P. H. Kernion, one for $1500 at sixty days, and two others for $1250 each, payable at one and two years from the date of the sale. These notes were secured by mortgage, with a stipulation on the part of the purchaser, that the property should not be alienated to the prejudice of the mortgage. On the 3d of March, 1841, Colsson sold the property to Clement Ramos, who, in part payment of the stipulated price, assumed to pay to Fortin the last of the two notes of $1250 each, yet due to him. Fortin did not make himself a party to this sale by signing it ; but it is shown, that he was present at the office of the notary when it was passed, and agreed to take, in lieu of the other note of $1250 due to him by Colsson, a note of J. D. Pigneguy for an equal amount, which is mentioned in the act of sale, as a part of the consideration paid by Ramos. In June, 1842, Ramos was declared a bankrupt, having surrendered the property in question, and placed Fortin on his schedule as a mortgage creditor for the note of Colsson, which he had assumed. It further appears, that on the 22d of October, 1842, Fortin was personally served with notice of a rule to show cause why his mortgage on the Gentilly road plantation should not be raised and cancelled, in order to give an unencumbered title to the purchaser thereof, reserving all his rights on the proceeds of the sale. No objection having been made by Fortin, a decree was rendered ordering the mortgage to be cancelled. This was done, and the property was sold to Gustave Ducros, free of all incumbrance.

In the case of Conrad, assignee of the estate of Thomas Banks, praying for a *mandamus*, (5 Robinson, 49,) this court held, after much deliberation, that the United States District Court, sitting in bankruptcy, was competent to cite the mortgage creditors, and to make an order for the erasure of their mortgages, as a necessary step to the settlement and liquidation of the bankrupt's

estate. It is useless to repeat the reasoning by which we arrived at that conclusion, as no new arguments have been offered in opposition to it, and our views on the subject remain unchanged. Holding, then, as we do, that the District Court, sitting in bankruptcy, had jurisdiction to order the erasure of Fortin's mortgage, we cannot consider it as being yet in force on the property in the hands of the purchaser at the marshal's sale. But it is said, that Fortin was a creditor, not of the bankrupt, but of Colsson, who had granted this mortgage with the clause, *de non alienando*, and that the effect of this clause is such that, without Fortin's consent, no valid sale could be made by Colsson; that Ramos never acquired any right to the property; and that, therefore, his assignee could transfer none to the appellee, G. Ducros. The bankrupt having assumed to pay a note held by Fortin, could not but consider him as his creditor, and place him, as such, on his schedule, pursuant to the bankrupt law. This assumption was made with the full knowledge of Fortin, who, by receiving in payment one of the notes given by Ramos to Colsson, reduced the debt of the latter to him to the $1250, which was assumed. We do not consider the clause, *de non alienando*, as producing the effects supposed by the counsel. It does not absolutely prevent a sale of the property by the mortgagor. The latter may transfer the property, subject to the right which such a clause gives to the mortgagee of proceeding summarily against it, as if still belonging to the mortgagor. The purchaser acquires a valid title, which he can, in like manner, transfer to others. The title, then, to this property, which was in Ramos, became under the bankrupt law, vested in the assignee. When the latter, acting under the authority of a court, which, it must be admitted, was not without jurisdiction, at least, *ratione materiæ*, called upon Fortin and the other creditors to show cause why the property should not be sold free of their mortgages, the appellant should have opposed the sale, if he had any objection to urge, either because he conceived that he was not a creditor of the bankrupt, or by reason of any right he supposed himself possessed of under the clause, *de non alienando*. Having made no opposition, and suffered the rule to be made absolute, he must be considered as having waived his rights, if any he had, and is bound by the decree. After receiving full

warning that the property was about to be sold, free of his mort-gage, to settle the estate of the bankrupt, and that he would have to look to the proceeds of the sale, after having stood by and seen the property thus sold; and after a *bona fide* purchaser had paid his money on the faith of his apparent acquiescence and consent, the appellant cannot surely be permitted to set up his claim or mortgage, in opposition to such a purchaser. 3 Robinson, 333. 1 Story's Equity, § 384.

*Judgment affirmed.*